LIONEL M. WALLEY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 179, 2008
Supreme Court of Delaware
Submitted: September 12, 2008.
Decided: December 15, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 15th day of December 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Lionel M. Walley, filed this appeal from the Superior Court's denial of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The State has filed a motion to affirm the Superior Court's judgment on the basis that it is manifest on the face of Walley's opening brief that this appeal is without merit. We agree and affirm.
(2) Walley was indicted in February 1991 on charges of Possession of Cocaine with Intent to Deliver, Resisting Arrest and Possession of Drug Paraphernalia. A Superior Court judge sitting without a jury convicted Walley as charged. Walley was declared a habitual offender and was sentenced to life imprisonment.[1] On direct appeal, Walley's convictions were affirmed.[2]
(3) In January 2006, Walley moved to correct his sentence under Superior Court Criminal Rule 35(a). Walley contended that he did not have the requisite number of convictions to be sentenced as a habitual offender. Walley also complained that he had not had a separate hearing on the habitual offender motion. By order dated June 15, 2006, the Superior Court denied Walley's motion, and on appeal that decision was affirmed.[3]
(4) Walley moved for postconviction relief in June 2007. Walley advanced several claims of ineffective assistance of counsel. After obtaining a response from the State, the Superior Court denied Walley's motion, holding that it was untimely under Rule 61(i)(1)[4] and not subject to the Rule 61(i)(5) exception to the procedural time bar.[5]
(5) After careful consideration of the parties' positions on appeal and the Superior Court record, we conclude that the judgment of the Superior Court should be affirmed on the basis of, and for the reasons set forth in, the Superior Court's well-reasoned decision dated December 31, 2007. Walley's postconviction motion and the claims therein, coming fourteen years after his convictions became final, were appropriately dismissed as time-barred.[6] On appeal, Walley has not demonstrated, and the record does not reflect, a basis upon which to excuse the procedural bar.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 11, § 4214(b) (2007).
[2] Walley v. State, 1993 WL 78221 (Del. Supr.).
[3] Walley v. State, 2007 WL 135615 (Del. Supr.).
[4] See Del. Super. Ct. Crim. R. 61(i)(1) (barring claim filed more than three years after judgment is final or after newly recognized retroactively applicable right) (amended 2005 to reduce limitations period to one year).
[5] See Del. Super. Ct. Crim. R. 61(i)(5) (excepting from time bar a jurisdictional claim or a colorable claim that there was a manifest injustice because of a constitutional violation).
[6] Walley's convictions became final in April 1993, upon issuance of this Court's mandate on direct appeal. Del. Super. Ct. Crim. R. 61(m)(2).